UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANGELA NAILS,<br><br>Plaintiff,<br><br>v.<br><br>STAPLES COPY PRINT STORE, et al.,<br><br>Defendants. | Civil Action No. 25-12038-BEM |

## ORDER

**MURPHY, J.**

Angela Nails, a resident of Savannah, Georgia, initiated this action by filing a *pro se* complaint against Staples Print and Copy Store and several unnamed employees. Dkt. 1. By Memorandum and Order dated December 5, 2025, Nails was granted leave to proceed *in forma pauperis* and was advised that the complaint failed to establish this Court's jurisdiction and failed to state a plausible claim for relief.[1] Dkt. 4. Nails was advised that if she wished to proceed, she must file an amended complaint that sets forth both a basis for this Court's jurisdiction and a plausible claim upon which relief may be granted. *Id.*

On December 29, 2025, Nails filed an amended complaint. Dkt. 6. Plaintiff complains that she "was banned from entering [the Staples Store in Savannah]." *Id.* at ¶ 3. Plaintiff contends that because "the management is not the owner of the property, [the manager] has no authority to stop customers [such as Nails] from entering without evidence to show the customer misbehav[ed]

---

[1] The Court explained that to the extent Nails claimed diversity jurisdiction, she failed to (1) identify the legal basis for her claims, (2) identify and establish the citizenship of each defendant and (3) allege damages to satisfy the amount in controversy requirement of the diversity statute. *Id.* Moreover, the complaint failed to comply with the pleading requirements of the Federal Rules of Civil Procedure. *Id.*

1

while doing business." *Id.* Plaintiff states that she was subjected to "criminal" force when she was "nearly assaulted by the manager" and she suffered "embarrassment in front of other customers and employees." *Id.* According to Nails, the manager is liable for "misuse of authority" and "ethical [mis]conduct violations." *Id.*

Plaintiff states that "[b]oth parties named in the complaint [are citizens of the United States with plaintiff "a citizen of Savannah Georgia and the [defendant a] citizen of Massachusetts." *Id.* at ¶ 4. Plaintiff states that "Staples Copy and Print is a retail store" and that "Staples Prin[t] and Copy is [a] Corporation." *Id.* at ¶ 6. The amended complaint identifies the defendants as "Staples Prin[t] and Copy [Corporation]," *id.*; "Staples Copy and Print manager of the Savannah, Georgia Store," *id.* at ¶ 7; and "Staples Copy and Print employees of the Savannah Georgia Store." *Id.*

Plaintiff states that '[d]amages are over [the] jurisdiction[al] limit of $75,000.00 dollars" and that "[d]amages come from the harm [she suffered by the actions of] the manager and employees working at Savannah, Georgia Staples [store]." *Id.* at ¶ 5. Among other things, plaintiff states that she "is suffering by the defendants every lasting action of over a year of abuse and harassment toward the Plaintiff while a customer." *Id.* at ¶ 6.

Even with the more liberal construction accorded a *pro se* litigant's pleading, the amended complaint still fails to provide a basis for this Court's jurisdiction and fails to state any factual matter that, if accepted as true, would allow Nails to prevail on any identifiable cause of action. The amended complaint suffers from the same pleading deficiencies found in the original complaint. The amended complaint fails to provide a basis for diversity jurisdiction. Where a party seeks to invoke the jurisdiction of a federal district court under 28 U.S.C. § 1332, the parties must be of complete diversity of citizenship. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). Complete diversity of citizenship does not exist where any defendant and any plaintiff are citizens

of the same state.  *See id.*  Nails and the unnamed defendants are alleged to be citizens of Georgia. Even if it is true, as Nail contends, that Staples is considered a citizen of Massachusetts, there is not complete diversity of citizenship between the parties because one or more of the defendants are citizens of Georgia.

Based upon the foregoing, and in accordance with the Court's Memorandum and Order, Dkt. 4, this action is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**So Ordered.**

Dated:  January 2, 2026

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court